## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

UNITED STATES OF AMERICA
         **Plaintiff,**

   v.                                  **Civil Action No. _____**

**$12,342 in U.S. Currency,**
         **Defendant**

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys Rod Rosenstein, United States Attorney for the District of Maryland, and Thomas P. Windom, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Procedure:

## NATURE OF THE ACTION

1.      This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANT IN REM

2.      The defendant property is $12,342 in U.S. Currency (14-ATF-013482).

3.      The defendant property was seized on or about May 9, 2014, from Gerald Henderson, 7154 Marbury Court, District Heights, pursuant to the execution of a federal Search and Seizure Warrant in the State and District of Maryland.

4.      Since seizure, the defendant property has been and presently is in the custody of the U.S. Marshals Service.

## JURISDICTION AND VENUE

5.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6).

6.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C.  § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

8.      The defendant property constitutes proceeds traceable to money furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 841, the Controlled Substances Act, and therefore, should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## FACTS

9.      The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration in Support of a Civil Forfeiture complaint of Special Agent Stacy Brown, Bureau of Alcohol, Tobacco, Firearms and Explosives, which is incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint;  that a Warrant of Arrest In Rem be issued to the U.S. Marshals Service commanding

the arrest of the defendant property;  that the defendant property be forfeited and condemned to

the United States of America;  that upon Final Decree of Forfeiture, the United States Marshals

dispose of the defendant property according to law; and that the plaintiff have such other and

further relief as this Court deems proper and just.

Respectfully submitted,

Rod Rosenstein
United States Attorney

By: _____

Thomas P. Windom
Assistant United States Attorney
6406 Ivy Lane
Greenbelt, Maryland 20770

## VERIFICATION

I, Thomas P. Windom, declare under penalty of perjury as provided by 28 U.S.C. §1746,

that the foregoing Complaint for Forfeiture is based on reports and information furnished to me

by the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, and that

everything contained therein is true and correct to the best of my knowledge and belief.

10·23·14
Date

_____
Thomas P. Windom
Assistant United States Attorney

[illegible]

[illegible]

[illegible]

[illegible]

10-23-14

# DECLARATION

This declaration is submitted in support of a complaint for forfeiture of $12,342.00 in United States currency.

I, Stacy Brown, Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), submit that there are sufficient facts to support a reasonable belief that the $12,342.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

      a.      In March 2014, I began investigating Gerald Henderson for suspected armed drug trafficking.

      b.      On May 1, 2014, law enforcement officers conducted a trash pull from a public curb outside Gerald Henderson's residence.  Officers located a plastic sandwich bag containing a residue that later tested positive for cocaine.  They also found two plastic bags with the bottoms cut out; I know from training and experience that is a common method used by drug traffickers when packaging drugs.

      c.      On May 8, 2014, law enforcement officers conducted another trash pull outside Henderson's residence.  They located three sandwich bags containing cocaine residue and fourteen sandwich bags with the bottoms cut out.

d.      On May 9, 2014, ATF Agents and Prince George's County Police Department Officers executed a state search warrant at the residence of Gerald Henderson, 7154 Marbury Court, District Heights, Maryland.

e.      The officers seized, among other things, marijuana, drug paraphernalia, and $12,342.00 in cash.  Officers arrested Henderson for marijuana possession.

f.      Following arrest, Gerald Henderson waived his Miranda rights and agreed to be interviewed.

g.      Henderson admitted that he has been selling drugs for many years and consequently, claimed to know tactics used by law enforcement to investigate drug dealers.

h.      Henderson explained that he suspected one of those tactics—trash pulls—just prior to the search of his residence.  Specifically, he noticed that trash was missing from his trash can and concluded that law enforcement officers were "doing their homework."

i.      When confronted by officers about the drug residue and bags found in his trash, Henderson admitted ownership and said, "I'll take the paraphernalia charge."

j.      Henderson admitted that he has been selling drugs for about sixteen or seventeen years.

k.      Henderson admitted that he had previously been convicted of multiple drug offenses and spent time in prison.

l.      He explained that, after being released from prison, his girlfriend helped him obtain employment at Price Rite Grocery Store, where is he currently employed.  However, when I asked Henderson if he was primarily living off of "street money," he replied by giving an affirmative nod.  I know from training and experience that "street money" is another term for drug proceeds.

m.      Henderson and I discussed how much he was making at Price Rite Grocery Store.
He stated that he did not know how much he made per hour and that he deposits his pay checks
into his bank account.

n.      An October 1, 2014 check for wages and employment revealed the following
amounts: 4th quarter 2012: $1,347; 1st quarter 2013: $2,318; 2nd quarter 2013: $2,320; 3rd
quarter 2013: $2,456.00; 4th quarter 2013: $2,593; 1st quarter 2014: $2,217; and 2nd quarter
2014: $5,274.

o.      A review of Gerald Henderson's criminal history reveals a September 10, 1998
conviction for Possession of a Controlled Dangerous Substance—Not Marijuana; a June 23,
2003 conviction for Possession / Wearing Firearm During a Drug Trafficking Crime; and a June
23, 2003 conviction for Distributing, Possessing with Intent to Distribute, or Dispensing a
Controlled Dangerous Substance.


I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746
THAT THE ABOVE FACTS IN REFERENCE TO THE SEIZURE OF $12,342.00 U.S.
CURRENCY FROM GERALD HENDERSON ARE ACCURATE, TRUE AND CORRECT
TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.



                                        Stacy Brown
                                        Special Agent
                    Bureau of Alcohol, Tobacco, Firearms and Explosives

MEMORANDUM


DATE:       October 23, 2014

TO:         Kristine Cupp
            U.S. Marshals Service

            Benjamin Patten, Baltimore Office
            Bureau of Alcohol, Tobacco, Firearms and Explosives

FROM:       Naquita Ervin
            Paralegal Specialist


RE:         U.S. v. **$12,342 in U.S. Currency**
            Civil Action No._____

**CATS ID/CASE NO: 761050-14-0016 / 14-ATF-013482**

===============================================================

The United States has filed a forfeiture action against **$12,342 in U.S. CURRENCY.**  A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at **www.forfeiture.gov** pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.




Attachment

**PROCESS RECEIPT AND RETURN**

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| $12,342 in U.S. Currency | Verified Complaint in Rem |

| | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| **SERVE** ► **AT** | 14-ATF-013482/ 761050-14-0016 |
| | ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code) |

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | |
|---|---|
| Naquita C. Ervin, Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland  21201 | Number of process to be served with this Form - 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Post Notice on property premises.   Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of : | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| | | 410-209-4800 | 10/23/14 |

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | No. | No. | No. | | |

I  hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and   return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

| Name and title of individual served (If not shown above). | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| Address (complete only if different than shown above) | Date of Service | Time<br>am<br><br>pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

| PRIOR EDITIONS MAY BE USED | SEND   ORIGINAL + 2 COPIES   to USMS. | FORM USM 285 (Rev. 12/15/80) |
|---|---|---|

1. CLERK OF  COURT   2.  USMS Record  3.  Notice of Service  4.  Billing Statement  5.  Acknowledgment of Receipt